## Terre Haute Paper Company et al. v. Kennedy.

[No. 13,917. Filed June 23, 1930.]

*William T. Douthitt*, for appellant.
*Foley & Foley*, for appellee.

LOCKYEAR, J.—Appellant in this action is engaged in the manufacture of paper and strawboard at Terre Haute, Indiana. Samuel E. Skaggs is a dealer in straw, in Montgomery County, Indiana, and also operates a straw-baling machine of his own, and, during the time in question, sold nearly all his straw to appellant at Terre Haute. The price at first was $6.25 per ton, which was later reduced to $6 per ton. Skaggs procured straw from appellee, Charles E. Kennedy, and shipped it to appellant under an agreement that he, Skaggs, should pay Kennedy whatever amount Skaggs received from appellant less $2 per car. This was done until the price was reduced from $6.25 to $6 per ton, when Skaggs represented to Kennedy that the price he was receiving was only $5.50 per ton, when, in fact, he had received $6 per ton.

This action is brought against Skaggs and appellant to recover the difference of 50 cents per ton which the jury trying the case found to be $222.09, for which judgment was rendered against appellant and Samuel E. Skaggs.

A motion for a new trial was filed on the grounds, among other things, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The court overruled the motion, and the action of the court in that behalf is assigned as error in this appeal. Appellee's complaint alleges that Skaggs was the agent of appellant, and whether he was or was not the agent of appellant is the only question we need to consider.

Appellee says that Skaggs said: "I will give you what Terre Haute is giving me and charge you $2 per car. I next saw Skaggs in about a week or ten days and, in the meantime, I shipped a couple of car loads through him and a couple through Cullen Company. He paid $6.25 a ton for the first straw shipped." He further testified that he shipped that way for about 30 days when Mr.

Skaggs told him that Terre Haute had taken off 75 cents a ton, making the price $5.50 a.ton. About a year later, he discovered that appellant was paying more than $5.50 per ton. Appellee testified further: "Mr. Skaggs has never paid me any money since that date and after I had the conversation with him, and he owes me $234.25." On cross-examination, appellee further says he never did receive any check from the Terre Haute Paper Company.

The undisputed evidence is that Skaggs was not bound by any contract to sell all the straw he purchased to appellant, but, on the contrary, he did sell straw to strawboard manufacturers in other cities in Indiana.

The evidence without dispute shows that Skaggs was an independent buyer, and not the agent of appellant. Appellee had no contract with appellant, and he does not claim to have. We, therefore, hold that there is no competent evidence to support a judgment against any other than against Samuel E. Skaggs.

Therefore, the judgment against appellant, the Terre Haute Paper Company, is reversed.